In the Matter of LAWRENCE M. ROSENBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 24, 1987

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*John G. Bonomi* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lawrence M. Rosenberg was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, Second Department, on March 31, 1948.

Respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of income tax evasion, a violation of 26 USC § 7201 and, on June 26, 1987, was sentenced to two years' imprisonment, 30 days of which were to be served in a jail or treatment facility. Respondent was placed on probation for the remaining 23 months on condition that he perform 250 hours of public service and pay a fine of $10,000.

Petitioner Departmental Disciplinary Committee has filed a petition seeking an order finding that the crime of which respondent was convicted is a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or removal should not occur.

Respondent's answer admits his conviction of a Federal felony but states that it constitutes a misdemeanor under New York State law. He requests a hearing, pursuant to Judiciary Law § 90 (4) (h), to determine the appropriate sanction. Petitioner, in a reply affidavit, requests that this court refer the

matter back to the Departmental Disciplinary Committee for a hearing.

The crime for which respondent stands convicted is denominated a felony under Federal law and qualifies as a "serious crime" as defined in Judiciary Law § 90 (4) (d). Accordingly, respondent is suspended from the practice of law pending a final order. (Judiciary Law § 90 [4] [f].) The matter is referred to the Departmental Disciplinary Committee for a hearing, and respondent is directed to show cause why a final order of suspension, censure or removal from office should not be entered. (Judiciary Law § 90 [4] [g], [h].)

KUPFERMAN, J. P., SULLIVAN, CARRO, MILONAS and SMITH, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal should not be entered and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.